## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM P. BABBY, III,              :

                            :

       Plaintiff,               :

                            :       C.A. No.  06-552 JJF

v.                              :

                            :       TRIAL BY JURY DEMANDED

CITY OF WILMINGTON        :

DEPARTMENT OF POLICE,    :

                            :

       Defendant.            :

## ANSWER

## PARTIES

1.     Admitted in part.  Defendant admits Plaintiff's residence as stated therein; Defendant does not have sufficient information to admit or deny that Plaintiff is of Hispanic descent.

2.     Denied.  By way of further explanation, Defendant denies that the City of Wilmington Department of Police is a municipal corporation, and further denies that the Department of Police has the capacity to be sued.  By way of further explanation, because the City of Wilmington Police Department does not have the capacity to be sued, it does not have a registered agent for service of process.

3.     Admitted.

## JURISDICTION

4. Admitted that this Court has subject matter jurisdiction.  Denied that this Court has personal jurisdiction over Defendant, which does not have the capacity to be sued.

5.     Admitted.

6.     Denied as stated.  Defendant admits that the September 2004 evaluation may have

been favorable, but denies that Plaintiff received consistently standard to superior evaluations. By way of further explanation, Plaintiff has a disciplinary record with the Police Department's Office of Professional Standards.

7.    Admitted.

## FACTUAL BACKGROUND

8.    Defendant admits that Plaintiff temporarily filled John Lucey's job duties in the Human Resources Division while Lucey was out of work due to an injury.  Defendant admits that Plaintiff's job performance in those capacities was adequate, but denies that Plaintiff was praised on a daily basis for his performance.  Defendant admits that Plaintiff's written request for permanent transfers to these positions were denied because John Lucey returned to work after recovering from his injury and resumed the duties that Plaintiff filled in his absence.

9.    Denied as stated.  By way of further explanation, Cummings did not ask Plaintiff to put in a transfer request to work in his division as a Crime Free Housing Officer.  Cummings merely asked Plaintiff, Alfred Izquierdo and Tashawn Counts if they would be interested in working in his division as Crime Free Housing Officers.

10.    Denied as stated. Defendant denies that anyone requested Plaintiff to submit a transfer request.   Defendant admits that Plaintiff was accepted in Cummings' division. Defendant denies that written requests were "just a formality" to get Plaintiff into Cummings' division

11.    Admitted.

12.    Admitted in part; denied as stated.  Defendant admits that said officers attended the conference described therein, and Defendant further admits that Lt. Wells made a singular comment about the habits of Hispanics.  Defendant denies Plaintiff's characterization of this

singular comment as "various", "racially insensitive", or "derogatory".

13.    Admitted.

14.    Admitted in part; denied in part. Defendant denies that Cummings tried to dissuaded anyone from filing a formal complaint against Sgt. Wells. Defendant admits that Cummings suggested that Plaintiff, Izquierdo and Counts all meet to discuss a resolution of this issue.

15.    Admitted in part; denied in part. Defendant admits that the meeting took place in May of 2001. Defendant denies that there was any "outcome" at this point in time, as the investigation was still on-going.

16.    Admitted.

17.    Admitted. By way of further explanation, the investigation was initially assigned to Cummings, but was reassigned to Lt. Henry while Cummings had to go on training at the FBI Academy in Quantico, Virginia. The investigation was assigned to Lt. Henry so that it could move forward in Cummings' absence. Upon Cummings' return from the FBI Academy, he concluded the investigation and made his final recommendation.

18.    Admitted in part; denied as stated. Admitted that the investigation spanned four months in duration. Denied that Plaintiff's or Izquierdo's complaints to the City's Personnel Department prompted the investigation to conclude.

19.    Admitted.

20.    Admitted.

21.    Admitted that Wells was transferred to the position of Public Information Officer. Admitted that Izquierdo and Babby were transferred to F squad, but denied that such transfer is a demotion.

22.    Admitted in part; denied in part. Defendant admits that Plaintiff approached Cummings and asked why Counts was chosen to remain in the Crime Free Housing Division. Defendant denies the quoted response that Plaintiff attributes to Cummings in this averment.

23.    Admitted.

24.    Denied.

25.    Denied.

26.    Admitted in part; denied in part. Admitted that Plaintiff was called into Lt. Rock's office, along with Sergeant Corey Staats, to discuss Plaintiff's lack of arrests and tickets over the entire summer. Denied that Plaintiff said he was merely doing as instructed. Denied that Lt. Rock called Plaintiff a "liar" or "lazy". Admitted that Lt. Rock questioned Plaintiff about his bad attitude. Admitted that Lt. Rock told Plaintiff that his statistics would need to improve, or that he would be transferred.

27.    Admitted that Plaintiff and Izquierdo were assigned together for street duty. Defendant is without sufficient information to admit or deny that Plaintiff and Izquierdo were the top two producers of arrests and traffic tickets in their division.

28.    Defendant admits that Plaintiff was insubordinate to a higher ranking member of the Police Department as described in this averment, and in violation of the White Book.

29.    Admitted that Lt. Rock summoned Plaintiff to discuss his insubordination, which is described more fully in Paragraph 29 of Plaintiff's Complaint, and it is further admitted that Plaintiff attempted to make excuses for his insubordination, as described in this averment.

30.    Denied as stated. It is denied that Lt. Rock addressed Plaintiff in the manner described in averment. It is admitted that Lt. Rock discussed with Plaintiff his insubordination, and further discussed the range of disciplinary consequences for insubordination.

31.    Defendant does not have sufficient information to admit or deny this averment.

32.    Defendant does not have sufficient information to admit or deny this averment.

33.    Defendant does not have sufficient information to admit or deny whether Plaintiff was summoned to Lt. Rock's office for the discussion described in this averment. Defendant admits that it is a chargeable offense for Plaintiff to bypass the chain of command.

34.    Denied as stated. By way of further explanation, Captain Dietz, in his then-capacity as commanding officer of the patrol division, forwarded the transfer request to then-Inspector James Wright, who, in turn, forwarded it the Chief of Police for final approval.

35.    Plaintiff does not have sufficient information to admit or deny this averment.

36.    Admitted.

37.    Denied as stated. By way of further explanation, Director Mosley's open door policy requires the employee to notify his supervisors of his intent to meet with Director Mosley and explain the purpose of that meeting. In accordance with that policy, Captain Dietz asked Plaintiff the reason why he requested to meet with Director Mosley. Plaintiff responded that it was for a personal matter, and no further questions were asked.

38.    Admitted in part; denied in part. Defendant admits that Plaintiff was given permission to meet with the Director. Defendant admits that Plaintiff complained about his transfer, but Defendant does not have sufficient information to admit or deny whether Babby complained about retaliation. Defendant denies that the transfer is a demotion, and also denies that Plaintiff was the most qualified officer in his previous position.

39.    Admitted in part; denied in part. Defendant does not have sufficient information to admit or deny whether Plaintiff presented to the Director a copy of the Department's transfer policy. Defendant denies that Plaintiff was the most qualified individual for the position that he

sought, and further denies that the Department's transfer policy would allow Plaintiff to remain in the position that he sought.

40.    Defendant does not have sufficient information to admit or deny this averment. By way of further explanation, Director Mosley does not recall this conversation in his 2001 meeting with Plaintiff.

41.    Admitted that the Director advised that he would investigate the allegations. By way of further explanation, the Director's investigation did not corroborate any of Plaintiff's allegations.

42.    Admitted.

43.    Defendant does not have sufficient information to admit or deny this averment.

44.    Defendant does not have sufficient information to admit or deny this averment.

45.    Defendant does not have sufficient information to admit or deny what Plaintiff characterizes as "cold shoulder treatment".   Defendant denies the balance of the averment.

46.    Admitted.  By way of further explanation, there was no vacant position in the Special Operations Division at this time, and so Plaintiff could not be transferred to a job that did not exist.

47.    Admitted.

48.    Defendant admits that Plaintiff submitted transfer requests, but Defendant does not have sufficient information to confirm or deny the exact number of requests.

49.    Defendant does not have sufficient information to admit or deny this averment. It is not clear what immediate supervisor or transfer request Plaintiff is describing in this averment.

50.    Defendant admits that Plaintiff filed a discrimination complaint with the EEOC, but Defendant denies the substance of that complaint.  The balance of the averment is denied.

51. Admitted that the DDOL issued a reasonable cause finding; denied that there is reasonable cause in this matter.

52. Admitted.

## COUNT I - Retaliation

53. Denied in full and as to each sub-part.

    (a) Denied.

    (b) Denied. By way of further explanation, the Equal Housing Division was reduced in size due to external budgetary and operational constraints, therefore, Plaintiff could not remain in a job that no longer existed.

    (c) Denied.

    (d) Admitted that Plaintiff was transferred to street patrol; denied that this transfer constitutes a demotion.

    (e) Denied. By way of further explanation, bypassing the chain of command is an offense for which discipline can be administered, and Director Mosley's written open door policy prescribed conferring with immediate supervisors prior to meeting with him.

    (f) Denied.

54. Denied.

55. Denied.

## COUNT II - Retaliation - Failure to Promote

56. Defendant incorporates its responses in Paragraphs 1 through 55 as if set forth herein at length.

57. Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## COUNT III - Breach of the Covenant of Good Faith and Fair Dealing

62.     Defendant incorporates its responses in Paragraphs 1 through 61 as if set forth at length.

63.     Denied.

64.     Denied.  By way of further explanation, Defendant's liability for such a breach would be barred by the exclusivity provision of 19 Del.C. §712(b).

65.     Denied.

66.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

67.     Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

68.     Defendant is not a juridical entity that has the capacity to be sued.

### THIRD AFFIRMATIVE DEFENSE

69.     Plaintiff has failed to join all necessary parties, in contravention of Fed.R.Civ.P. 19(a).

### FOURTH AFFIRMATIVE DEFENSE

70.     Insufficiency of service of process, in contravention of Fed.R.Civ.P. 4(j)(2).

### FIFTH AFFIRMATIVE DEFENSE

71.     Lack of service of process, in contravention of Fed.R.Civ.P. 4(j)(2).

## SIXTH AFFIRMATIVE DEFENSE

72.    Plaintiff's state law claim for breach of the implied covenant of good faith and fair is barred by the exclusivity of 19 Del.C. §712(b).

## SEVENTH AFFIRMATIVE DEFENSE

73.    The actions and conduct of Defendant were undertaken without malice or discriminatory intent and in the good faith performance of its official duties.

## EIGHTH AFFIRMATIVE DEFENSE

74.    The actions and conduct of Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

## NINTH AFFIRMATIVE DEFENSE

75.    Plaintiff is not entitled to punitive damages, nor is Defendant subject to an award of punitive damages.

## TENTH AFFIRMATIVE DEFENSE

76.    Defendant is not vicariously liable for any alleged acts of discrimination committed by any individuals named in the Complaint, even if proven.

## ELEVENTH AFFIRMATIVE DEFENSE

77.    None of the allegations set forth in Plaintiff's Complaint constitutes a "materially adverse change" in Plaintiff's employment.

## TWELFTH AFFIRMATIVE DEFENSE

78.    None of the allegations set forth in Plaintiff's Complaint constitutes a "tangible employment action."

**THIRTEENTH AFFIRMATIVE DEFENSE**

79.    Plaintiff was not the most qualified candidate for any of the job positions that he

seeks/sought.

**FOURTEENTH AFFIRMATIVE DEFENSE**

80.    Plaintiff was not a member of a protected class.

**FIFTEENTH AFFIRMATIVE DEFENSE**

81.    Plaintiff was treated similarly to police officers of different races and national

origins.

**SIXTEENTH AFFIRMATIVE DEFENSE**

82.    Plaintiff's race and/or national origin were not determining factors in any of the

personnel decisions that form the basis of Plaintiff's Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

83.    All actions taken by Defendant were job related and consistent with a business

necessity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

84.    Defendant's liability, if any, is limited by 10 Del. C. §4013.

**NINETEENTH AFFIRMATIVE DEFENSE**

85.    Plaintiff has failed to mitigate his damages, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**

86.    Plaintiff's state law claims, if any, are barred by 10 Del. C. §4011.

**TWENTY-FIRST  AFFIRMATIVE DEFENSE**

87.    Lack of protected activity.

**WHEREFORE**, Defendant prays that this Honorable Court dismiss Plaintiff's

Complaint, assess costs and reasonable attorney's fees against Plaintiff, and order such other

relief as this Court deems appropriate.

/s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Senior Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
Attorney for Defendants

Dated: October 4, 2006