IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) C.A. NO. 06-552 JJF |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| CITY OF WILMINGTON DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

Plaintiff, William P. Babby, by and through his undersigned attorney, hereby exchanges the following Pre-Discovery Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

### RESERVATIONS

1.  Plaintiff's Initial Disclosures are made without waiver of, or prejudice to, any objections Plaintiff may have. Plaintiff expressly reserves all objections, including, but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these Initial Disclosures of the subject matter thereof; and (i) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law. All objections are expressly preserved, as are Plaintiff's right to move for a protective order. Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

2. Plaintiff has not completed his investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these Initial Disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

3. Plaintiff's Initial Disclosures are made subject to and without limiting any of the foregoing.

## INITIAL DISCLOSURES

I. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

**ANSWER:**

1. James N. Mosley, Director of Public Safety, City of Wilmington, 300 North Walnut Street, Wilmington, DE 19801.

2. Captain Bobby Cummings, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

3. Captain Michael Maggitti, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

4. Captain Marly Dietz, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

5. Lieutenant Faheem Akil, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

6. Lieutenant Carolyn Henry, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

7. Lieutenant Mitchell Rock, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

8. Lieutenant William Wells, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

9. Lieutenant Robert Williams, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

10. Sergeant Thomas Kane, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

11. Sergeant Corey Staats, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

12. Sergeant Robert Transue, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

13. Sergeant Ronald Fioravanti, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

14. Sergeant Mark Lemon, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

15. Sergeant John Drysdale, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

16. Sergeant Michael Morrissey, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

17. Corporal Alfred Izquierdo, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

18. Patrolman Tashawn Counts, Wilmington Police Department, 300 North Walnut Street, Wilmington, DE 19801.

19. Dennis Turner, retired Wilmington Police Officer, 1601 Chestnut Street, Wilmington, DE 19805.

20. Karen Babby, Plaintiff's wife, 2107 Lindell Blvd. Wilmington, DE 19808.

21. Kamar T. Adeleke, Plaintiff's cardiologist, 614 Ferry Cut-off Street, New Castle, DE.

22. Stephanie Malleus, Plaintiff's family physician, 1010 Bancroft Parkway, Wilmington, DE 19806

II. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the parties that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**

1. Documents from the Delaware Department of Labor and Equal Employment Opportunity Commission on findings related to this Complaint.

2. Requests for transfers to several positions from Plaintiff to Chief Szczerba.

3. Responses from Chief Szczerba to Plaintiff concerning requests for transfer.

4

4. Communications from Chief Szczerba to all Division Commanders, concerning the 2002-2004 Eligibility List for Promotions, and Sections 6.78 and 7.1 of the Wilmington and FOP Lodge #1 Bargaining Agreement

5. Copies of Wilmington and FOP Lodge #1 Bargaining Agreement Sections 6.78 and 7.1 on the Harassment Free Work Environment and Conduct Unbecoming an Officer.

6. Requests for transfers to several positions from Plaintiff to Former Chief Michael Boykin.

7. Employment Performance Evaluations of Plaintiff from 1994, 1997, 1999 and 2000 through 2004.

8. Copy of City of Wilmington and FOP Lodge #1 Bargaining Agreement 2001-2007.

9. Correspondence from Lt. Mitchell Rock to Chief Szczerba regarding Plaintiff.

III. A computation of any category of damages claimed by the disclosing parties, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**

To be provided at a later date.

IV.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**

**Not applicable.**

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
lbrewington@margolisedelstein.com
Attorneys for Plaintiffs

Dated: January 10, 2007