# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM P. BABBY, III,    :
           :
   Plaintiff,     :
           :  C.A. No.  06-552 JJF
 v.          :
           :  TRIAL BY JURY DEMANDED
CITY OF WILMINGTON    :
DEPARTMENT OF POLICE,   :
           :
   Defendant.    :

## DEFENDANT'S REPLY BRIEF IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant City of Wilmington Police Department

November 16, 2007

## <u>TABLE OF CONTENT</u>

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUPPLEMENTAL STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     PLAINTIFF HAS NOT MET HIS *PRIMA FACIE* BURDEN UNDER *MCDONNELL DOUGLAS* BECAUSE HE HAS IDENTIFIED NEITHER AN ADVERSE EMPLOYMENT ACTION NOR A CAUSAL NEXUS TO HIS COMPLAINT AGAINST SGT. WELLS 2

        A.    PLAINTIFF'S ANSWERING BRIEF DOES NOT IDENTIFY ANY ADVERSE EMPLOYMENT ACTION THAT WOULD CONSTITUTE RETALIATION   2

            1.    PLAINTIFF'S TRANSFER FROM SPECIAL OPERATIONS TO PATROL IS NOT AN ADVERSE EMPLOYMENT ACTION . . . . . . 3

            2.    COLD-SHOULDER TREATMENT BY COLLEAGUES AND LT. ROCK'S COMMENTS TO SGT. MORRISSEY, IF ACCEPTED AS TRUE, DO NOT CONSTITUTE AN ADVERSE EMPLOYMENT ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    PLAINTIFF'S ANSWERING BRIEF DOES NOT IDENTIFY A CAUSAL NEXUS BETWEEN ANY ADVERSE EMPLOYMENT ACTION AND PLAINTIFF'S INTERNAL COMPLAINT AGAINST SGT. WELLS . . . . . . . . . . . . . . . . . . 5

    II.    PLAINTIFF HAS NOT MET HIS ULTIMATE BURDEN OF PERSUASION UNDER *MCDONNELL DOUGLAS* BECAUSE HIS ANSWERING BRIEF HAS NEITHER DISPUTED THE CITY'S NON-RETALIATORY JUSTIFICATIONS, NOR HAS HE PROVEN THAT RETALIATION WAS THE REASON FOR THE CITY'S ACTIONS THAT HE PERCEIVES TO BE RETALIATORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **TABLE OF CITATIONS**

### **Cases**

*Baker v. Wilmington Trust Co.*, 320 F. Supp.2d 196 (D.Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bray v. Marriott Hotels*, 110 F.3d 986 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Caver v. City of Trenton*, 420 F.3d 243 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fallon v. Meissner*, 2003 U.S.App. Lexis 8277 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fuentes v. Perskie*, 32 F.3d 759(3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hampton v. The Borough of Tinton Falls Police Dept.*, 98 F. 3d 107 (3d Cir. 1996) . . . . . . . . . . . . . . 3

*Hicks v. St. Mary's Honor Ctr.*, 509 U.S. 502 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jensen v. Potter*, 445 F.3d 444 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kidd v. MBNA*, 2004 U.S. App. LEXIS 5694 (3d Cir. Mar. 25, 2004) . . . . . . . . . . . . . . . . . . . . . . . 5

*McDonnell Douglas Corp. v. Green*, 411 U.S 792 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 6

*Poland v. Computer Sciences Corp.*, 2005 U.S. Dist. LEXIS 22618 (D.Del. 2005) . . . . . . . . . . . . . . 5

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Scott v. State of New Jersey*, 2005 U.S.App. LEXIS 15856 (3d Cir. Aug. 1, 2005) . . . . . . . . . . . . . . 4

*Zelinski v. Pennsylvania State Police*, 108 Fed. Appx. 700 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . 3

## SUPPLEMENTAL STATEMENT OF FACTS

Defendant has formally admitted to Paragraph 35 of Plaintiff's Complaint, which alleges that Lt. Rock told Sergeant Morrissey ("Morrissey") that Plaintiff was "a no good piece of shit". (B7)  Though this averment is not relevant to Plaintiff's retaliation claim, Defendant hereby supplements the record to correct the misleading context created by Morrissey's affidavit about Paragraph 35.  Although Morrissey's affidavit correctly states that defense counsel questioned him about the statement in Paragraph 35, the affidavit deceptively omits the date of that conversation.  The affidavit fails to disclose that it was not until June 2007 that Sgt. Morrissey was finally questioned about Paragraph 35.   (PAB 14 & B36)

By omitting the date of that conversation with Morrissey, Plaintiff suggests that Defendant's Rule 26 disclosures are inaccurate because they do not list Morrissey's name.  Similarly, Plaintiff suggests that Defendant's response to Interrogatory 6 is inaccurate because it does not disclose Morrissey's name as one of the persons questioned about the allegations in Plaintiff's Complaint.  (PAB 9 & 15)  However, it was not until June 2007 when Morrissey finally returned defense counsel's phone call inquiring about Paragraph 35. By that time, the Rule 26 disclosures and response to Interrogatory 6 had already been filed. By letter dated May 3, 2007, defense counsel advised Plaintiff's counsel that he was having difficulty contacting Morrissey to answer to Request for Admission #23 (which asks to admit or deny the averment of Paragraph 35 of the Complaint).  (C1)

Nonetheless, based on Morrissey's recollection of the events described in Paragraph 35, Defendant has responded to Request for Admission 23 by admitting to the averment in Paragraph 35 of the Complaint. (C4) Defense counsel offered to file a formal motion to amend the Answer to Paragraph 35, instead of simply supplementing Defendant's response to the Request for Admission 23.  (C2-3)   Plaintiff's counsel did not respond to that offer.  (C2-3)  Moreover, Defendant's Opening Brief argued that even it the averment in Paragraph 35 were true, they would not constitute retaliation.  (DOB 10)

**ARGUMENT**

I.    PLAINTIFF HAS NOT MET HIS PRIMA FACIE BURDEN UNDER *MCDONNELL DOUGLAS* BECAUSE HE HAS IDENTIFIED NEITHER AN ADVERSE EMPLOYMENT ACTION NOR A CAUSAL NEXUS TO HIS COMPLAINT AGAINST SGT. WELLS

The *McDonnell Douglas* analysis of Defendant's Opening Brief provides the proper framework for determining whether a retaliation claim should be dismissed at summary judgment. (DOB 6, citing *McDonnell Douglas v. Green*, 411 U.S 792, 802 (1973)). Yet, Plaintiff's Answering Brief argues that "summary judgment motion is not the time – as Defendant seems to argue – in which to determine whether Plaintiff will ultimately prevail in its claim." (PAB 16) On the contrary, this Court has confirmed that "[w]hether [the employee] has established a *prima facie* case of retaliation is a question of law for the court." *See Baker v. Wilmington Trust Co.*, 320 F. Supp.2d 196, 200 (D.Del. 2004). To establish the prima facie claim, Plaintiff must adduce evidence that: (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) there is a causal nexus between the protected activity and the adverse employment action. *Id.* (*citing McDonnell Douglas*, 411 U.S at 802).

Defendant concedes that Plaintiff's internal complaint about then-Sergeant Wells constitutes a protected activity for the first element of *McDonnell Douglas*. (DOB 6) For the reasons set forth below, however, Plaintiff has failed to establish the remaining two elements.

A.    PLAINTIFF'S ANSWERING BRIEF DOES NOT IDENTIFY ANY ADVERSE EMPLOYMENT ACTION THAT WOULD CONSTITUTE RETALIATION

As for any adverse employment action to satisfy the second element, Defendant's Opening Brief argued at length that the denial of Babby's eight transfer requests does not constitute adverse employment action. (DOB 6-10) Rather than respond to those arguments, Plaintiff's Answering Brief identifies the following two new adverse employment actions: (1) Plaintiff's re-assignment from special operations to the patrol division (PAB 18), and (2) general "cold-shoulder" treatment by colleagues as well as specific comments by Lt. Rock to Morrissey about Plaintiff's work ethic. (PAB 22) Neither of these events establishes an adverse employment action for the second element of *McDonnell Douglas*.

-2-

_____     1.     PLAINTIFF'S TRANSFER FROM SPECIAL OPERATIONS TO PATROL IS NOT AN ADVERSE EMPLOYMENT ACTION

Babby's re-assignment from special operations to patrol is not an adverse employment action because it did not change the terms, conditions, compensation and privileges of Babby's employment. "A purely lateral transfer that . . . does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997)(quotation omitted).

To support his argument that a transfer to street patrol is an adverse action, Plaintiff relies on *Hampton v. The Borough of Tinton Falls Police Dept.*, 98 F.3d 107 (3d Cir. 1996), and *Zelinski v. Pennsylvania State Police*, 108 Fed. Appx. 700 (3d Cir. 2004). The difference in those cases is that the plaintiff/officer was transferred from a non-patrol assignment to a patrol assignment. In *Hampton*, the plaintiff/officer was transferred from the detectives bureau to road patrol. *Hampton*, 98 F.3d at 116. In *Zelinski*, the plaintiff/officer was transferred from a specialized drug unit to a patrol unit. *Zelinski*, 108 Fed.Appx. At 705. In contrast to *Hampton* and *Zelinski*, Babby's re-assignment from special operations was simply a rotation from one patrol assignment to another (a transfer from F Platoon to E Platoon), as Plaintiff admits in his deposition:

> Q. Was F platoon – isn't that also a patrol platoon?
> A. It's supposed to be community policing. ***I still, to this day, am not sure exactly what the difference between special ops and patrol division is***, you know, what their functions are, ***because they are so intertwined***. . . .  (A48, emphasis added)

In light of this admission, Plaintiff cannot contend that a transfer from the special operations unit to a patrol unit is a demotion akin to the transfers in *Hampton* and *Zelinski*.

This re-assignment from one patrol duty to another does not meet the *McDonnell Douglas* standard for adverse employment action: "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *See Caver v. City of Trenton*, 420 F.3d 243, 255 (3d Cir. 2005). Though Plaintiff appended an affidavit stating that he views patrol work as "the least desired position" (B46-

-3-

47), the Third Circuit in *Fallon v. Meissner*, 2003 U.S.App. Lexis 8277, *9-10 (3d Cir. 2003), has held that "a materially adverse employment action . . . must be adverse in the right way [in that] it must not arise from the employee's individual preferences."

        2.     <u>COLD-SHOULDER TREATMENT BY COLLEAGUES AND LT. ROCK'S COMMENTS TO SGT. MORRISSEY, IF ACCEPTED AS TRUE, DO NOT CONSTITUTE AN ADVERSE EMPLOYMENT ACTION</u>

Alternatively, Plaintiff attempts to meet the second element of *McDonnell Douglas* by citing various incidents of cold-shoulder treatment. (PAB 22)  Plaintiff contends that fellow officers stopped saying hello to him and Lt. Rock made critical comments about him.  Even if these allegations are accepted as true, they do not constitute adverse employment actions.

As for Plaintiff's claim that unnamed colleagues refused to talk to him, Defendant's Opening Brief cited *Jensen v. Potter*, 445 F.3d 444 (3d Cir. 2006), for its holding that cold-shoulder treatment is not sufficient to meet the second element of *McDonnell Douglas*.  Plaintiff's Answering Brief does not cite any authority to the contrary.  Instead, Plaintiff's Answering Brief merely restates the same allegations of cold-shoulder treatment that are set forth in the Complaint.

As for Lt. Rock's comments, Defendant's Opening Brief cited the Third Circuit's holding that "oral reprimands and derogatory comments do not qualify as adverse employment actions for purposes of establishing a *prima facie* case of retaliation." *See Scott v. State of New Jersey*, 2005 U.S.App. LEXIS 15856, *9-10 (3d Cir. Aug. 1, 2005).  Again, Plaintiff's Answering Brief does not cite any authority to the contrary, but simply restates the same allegations about Lt. Rock.  Moreover, the comments to Morrissey obviously had no effect on Plaintiff's job, given that Morrissey constantly praised Plaintiff and nominated him for a Kiwanis award. (B35-36)  To the extent that Plaintiff has experienced cold-shoulder treatment from others, *Jensen* and *Scott* confirm that such treatment simply does not establish actionable retaliation.

B.    PLAINTIFF'S ANSWERING BRIEF DOES NOT IDENTIFY A CAUSAL NEXUS BETWEEN ANY ADVERSE EMPLOYMENT ACTION AND PLAINTIFF'S INTERNAL COMPLAINT AGAINST SGT. WELLS

Assuming that Plaintiff's re-assignment from special operations constitutes an adverse employment action, Plaintiff has failed to establish a causal link to his internal complaint about Wells.  *See Kidd v. MBNA,* 2004 U.S. App. LEXIS 5694 (3d Cir. Mar. 25, 2004)(dismissing a retaliation claim when the employee failed to establish the causal link between the internal complaint and the subsequent denial of a transfer request).  Although Plaintiff's Complaint alleged that his eight transfer requests were denied, Defendant's Opening Brief argued that "Babby cannot cite any evidence that the decision-makers for those eight transfers are somehow denying those requests at the behest of Wells." (DOB 10-11)

In response to those arguments, Plaintiff poses the question: "How can we know that Lt. Rock's remarks were not a factor in any denials of prospective transfers from street patrols that were requested by [Plaintiff]?" (PAB 21)  Though Plaintiff now poses this question, Plaintiff does not cite any evidence in the record to suggest that Lt. Rock's alleged remarks were conveyed to any of the actual decision-makers for Plaintiff's transfer requests.  Nor has Plaintiff established that Lt. Rock's alleged remarks were made at the behest of Wells (other than alleging that Wells and Rock are friends).

Those mere allegations are not sufficient to overcome summary judgment. *See Poland v. Computer Sciences Corp.,* 2005 U.S. Dist. LEXIS 22618, *2 (D.Del. 2005)(requiring that "[the non-movant] must demonstrate the existence of a material fact supplying sufficient evidence – not mere allegations – for a reasonable jury to find for the non-movant.").  Without evidence of a causal nexus, Plaintiff's retaliation claim fails as a matter of law.

II.    PLAINTIFF HAS NOT MET HIS ULTIMATE BURDEN OF PERSUASION UNDER *MCDONNELL DOUGLAS* BECAUSE HIS ANSWERING BRIEF HAS NEITHER DISPUTED THE CITY'S NON-RETALIATORY JUSTIFICATIONS, NOR HAS HE PROVEN THAT RETALIATION WAS THE REASON FOR THE CITY'S ACTIONS THAT HE PERCEIVES TO BE RETALIATORY

Plaintiff's retaliation claim fails because he has not rebutted Defendant's non-retaliatory explanations for the conduct that he perceives as retaliatory.  If a retaliation plaintiff establishes the three elements of a *prima facie* claim (which Plaintiff cannot in this case), the employer must then demonstrate "a legitimate, non-discriminatory reason" for the employment action.  *McDonnell Douglas*, 411 U.S. at 799.  Plaintiff's Answering Brief has not addressed any of the non-retaliatory justifications for why none of Babby's eight transfer requests was granted.  Though Plaintiff alleges that Lt. Rock may have influenced those decisions, Plaintiff has not developed a record to support this allegation.  Instead, Plaintiff simply reiterates the allegation that his internal complaint about Wells is linked to the following two events: (1) Cummings's choice to select someone other than Plaintiff as the crime-free housing officer; and (2) Plaintiff's re-assignment from special operations to the patrol unit.

First, with regard to the crime-free housing unit, Cummings could only select one officer, due to budgetary constraints.  (Cummings Aff. ¶ 4 - A81)  Cummings's affidavit states that he selected Officer Counts because "he showed concern for working with the public, was an upcoming officer, and [Cummings] wanted to give him an opportunity to showcase his skill, and I thought he would be good for the position." (Cummings Aff. ¶ 6 - A82)  Second, with regard to the re-assignment from special operations to the patrol unit, the Appendix to Defendant's Opening Brief included personnel requisition forms chronicling transfers of more than one hundred police officers in 2001, to and from various patrol assignments.  (A100-107)  Thus, Plaintiff's transfer was merely one of hundreds of routine transfers.

The above-cited non-retaliatory justifications satisfy Defendant's burden under *McDonnell Douglas*. The Third Circuit has held that a retaliation defendant's burden is satisfied "if it introduces evidence which, if taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable

employment decision." *See Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). "This burden is one of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). "The employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." *Fuentes*, 32 F.3d at 763.

In light of the non-retaliatory explanations cited above, the burden of persuasion shifts to Plaintiff to adduce "evidence from which a reasonable fact finder could conclude either that the defendant's proffered justifications are not worthy of credence or that the true reason for the employer's act was discrimination." *See Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir. 1996). This burden requires "some evidence, direct or circumstantial, from which a fact finder could either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764. "This is a more onerous burden of persuasion for a retaliation plaintiff, in that it turns the inquiry 'from the few generalized factors that establish a *prima facie* case to the specific proofs and rebuttals of discriminatory motivation the parties have introduced.'" *Hicks v. St. Mary's Honor Ctr.*, 509 U.S. 502, 516 (1993).

Plaintiff has not deposed Cummings about why he selected Counts instead of Plaintiff as the crime-free housing officer. Thus, Plaintiff cannot cite any evidence that the proffered justifications in Cummings's sworn affidavit are not worthy of credence. The same is true of Plaintiff's re-assignment from special operations to the patrol duties in 2001. The Appendix to Defendant's Opening Brief confirms that Plaintiff's transfer from F Platoon to E Platoon was merely one of several transfers in the police department's routine practice of rotating its officers. (A100-107) Plaintiff has failed to rebut this non-retaliatory explanation with any evidence that Plaintiff's individual transfer is the product of a retaliatory motive. Because Defendant's non-retaliatory justifications remain unchallenged, Plaintiff has failed to carry his ultimate burden of persuasion and his retaliation claim must fail as a matter of law.

-7-

## CONCLUSION

For the reasons set forth above, Defendant respectfully moves this Honorable Court to grant its motion for summary judgment. _____

_____

_____

                                        /s/ Alex J. Mili, Jr._____
                                        Alex J. Mili, Jr., Esquire (I.D. #4125)
                                        Senior Assistant City Solicitor
                                        Louis L. Redding City/County Building
                                        800 N. French Street, 9th Floor
                                        Wilmington, DE 19801
                                        (302) 576-2175
                                        Attorney for Defendant City of Wilmington

November 16, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-552 JJF |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| CITY OF WILMINGTON | : | |
| DEPARTMENT OF POLICE, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 16th day of November, 2007, I electronically

filed Defendant's Reply Brief in Support of its Motion for Summary Judgment with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following and that these documents are

available for viewing and downloading from CM/ECF:

> Jeffrey K. Martin, Esquire
> Martin & Wilson
> 1508 Pennsylvania Avenue
> Wilmington, DE 19806

CITY OF WILMINGTON LAW DEPARTMENT


  /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant