**M&W**
MARTIN & WILSON, P.A.
WORKPLACE ADVOCATES

Jeffrey K. Martin, Esquire*

Timothy J. Wilson, Esquire*

*Licensed in DE, PA and NJ

1508 Pennsylvania Avenue
Wilmington, DE 19806
Telephone: (302) 777-4681
Facsimile: (302) 777-5803
www.martinandwilson.com

Email: jmartin@martinandwilson.com

March 20, 2008

**Via Email and Electronic Filing**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
  District of Delaware
844 N. King Street
Wilmington, DE 19801

RE: **BABBY v. CITY OF WILMINGTON**
    **C.A. NO. 06-552 JJF**

Dear Judge Farnan:

At approximately 12:30 p.m. this afternoon, we received the "Defendant's Memorandum In Law Regarding Anticipated Evidentiary Objections."[1] We have checked the docket and found no other filings by Defendant this afternoon. Although Defendant cites D.Del.L.R. 7.1.2(a), with respect to this Memorandum, there has been no Motion filed associated with the Memorandum. For this reason and the reasons set forth below including, in particular, the untimeliness of this application, Plaintiff respectfully requests that this application be denied.

None of the issues set forth in the Memorandum has been set forth as an issue identified in the Pre-Trial Order. To the contrary, the documentary evidence regarding Plaintiff's attempts to transfer within the Wilmington Police Department (both prior to May 29, 2004 and in December 2007), have been agreed to by defense counsel and subject to leave of Court, will be admitted as evidence at trial. With regard to the exhibits relating to Plaintiff's potential transfers, these exhibits were presented initially with the Pre-Trial Stipulation that was filed in December 2007.

---

[1] Plaintiff apologizes to the Court for the letter format of this Response to Defendant's Memorandum. In recognition that the Memorandum was filed shortly before the commencement of a holiday weekend, Plaintiff is attempting to file this Response as quickly as possible and without the opportunity to do any legal research on any of the issues raised by the Defendant.

We believe that Defendant has improperly characterized the relief sought as relating to "evidentiary objections." Indeed, most of the issues raised for the first time four business hours prior to trial relate to issues of substantive law, none of which having been previously identified. For example, Defendants attempt to exclude evidence of transfers for reasons that they do not relate to evidentiary rules (other than relevance).

Plaintiff is unduly prejudiced by the receipt of Defendant's application within hours of trial. The effect of the relief requested by Defendant would substantially change the theories of and the presentation of Plaintiff's case. We respectfully submit that Defendant has waived its right to raise these issues at this point. The parties were afforded an opportunity to file Motions in Limine and/or to address these issues at the time of the Pre-Trial Conference. The Pre-Trial Order controls this action "unless modified by the Court to prevent manifest injustice." Defendant has made no such application. Defendant chose not to raise these issues and we believe that these issues may be denied as both a result of Defendant's failure to raise them and pursuant to the Court's discretion.

We respectfully submit that Defendant's application be denied.

Respectfully submitted,

JEFFEREY K. MARTIN

cc:  Kathleen M. Jennings, Esq.
     Chandra Rudloff, Esq.