**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

WILLIAM P. BABBY, III                    :
                                         :     C.A. NO.:  06-552 JJF
              Plaintiff,                  :
                                         :
       v.                                :
                                         :
CITY OF WILMINGTON                       :
DEPARTMENT OF POLICE,                    :
                                         :
              Defendant.                 :

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

## TABLE OF CONTENTS

1.1 Introduction; Role Of Jury .................................................................................4

1.2 Description Of Case ..........................................................................................5

1.3 Conduct Of Jury ...............................................................................................6

1.4 Bench Conferences ...........................................................................................7

1.5 Evidence ...........................................................................................................8

1.6 Direct And Circumstantial Evidence ...............................................................9

1.7 Credibility Of Witnesses ................................................................................10

1.8 Jury Questions For Witnesses ........................................................................11

1.9 Note-Taking By Jurors ...................................................................................12

1.10 Preponderance Of The Evidence ..................................................................13

1.12 Description Of Trial Proceedings .................................................................14

5.0 Title VII Introductory Instruction .................................................................15

5.1.7 Retaliation ...................................................................................................16

5.4.1 Compensatory Damages – General Instruction ..........................................18

5.4.3 Back Pay – For Advisory Or Stipulated Jury .............................................20

2.4 Stipulations Of Fact .......................................................................................22

2.5 Use Of Depositions ........................................................................................23

2.8 Charts And Summaries Not Admitted In Evidence .......................................24

2.14 Recess Admonition .......................................................................................25

3.1 Deliberations ..................................................................................................26

3.2 Number Of Witnesses ....................................................................................28

3.4 Deadlock ...........................................................................................................29

**1.1 Preliminary Instructions — Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**1.2  Preliminary Instructions — Description of Case; Summary of Applicable Law**

In this case, Plaintiff claims that Defendant, his employer, retaliated against him after he made a complaint about his supervisor's remarks about Hispanics. Defendant denies those claims [and also contends that [describe counterclaims or affirmative defenses]. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make his case:

1.    Plaintiff engaged in a protected activity.

2.    Plaintiff was subjected to a materially adverse action at a time, or after, the protected conduct took place; and,

3.    There is a causal connection between Plaintiff's protected activity and the materially adverse employment action taken against him.

**1.3   Preliminary Instructions — Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

**1.4    Preliminary Instructions — Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, sometimes known as a "sidebar." If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. At times, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**1.5    Preliminary Instructions — Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear  in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

**1.6    Preliminary Instructions – Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness  has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**1.7    Preliminary Instructions — Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**1.8   Preliminary Instructions — Jury Questions for Witnesses**

You will have the opportunity to ask questions of the witnesses in writing.  When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.

If so, you will write your question on a piece of paper, and hand it to my Deputy Clerk. Do not discuss your question with any other juror. I will review your question with counsel at sidebar and determine whether the question is appropriate under the rules of evidence.  If so, I will ask your question, though I might put it in my own words.  If the question is not permitted by the rules of evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked. Following your questions, if any, the attorneys may ask additional questions.  If I do ask your question you should not give the answer to it any greater weight than you would give to any other testimony.

**1.9    Preliminary Instructions — Note-Taking By Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony,  keep in mind that you will be relying on your recollection of that testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1)    <u>Note-taking is permitted, not required</u>.  Each of you may take notes.  No one is required to take notes.

2)    <u>Be brief</u>.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3)    <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your  verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Noted are not to be used in place of the evidence.

4)    <u>Do not take your notes away from court</u>.  I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes,  for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

**1.10   Preliminary Instructions — Preponderance of the Evidence**

This is a civil case. Plaintiff is the party who brought this lawsuit. Defendant is the party against which the lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff  would have to make the scales tip somewhat on his side.  If Plaintiff fails to meet this burden, the verdict must be for Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendant has the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**1.12   Preliminary Instructions — Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorney for Plaintiff will make an opening statement to you. Next, attorney for Defendant may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the attorneys have  made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff goes first because Plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for Defendant may cross-examine, and Plaintiff may also present evidence. Following Plaintiffs' case, Defendant may present evidence.   Counsel for Plaintiff may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence.  Once the closing arguments are completed, I will then instruct you on the law.  After that you will retire to the jury room to deliberate on your verdict in this case.

At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.

**5.0     Title VII Introductory Instruction**

In this case the Plaintiff William P. Babby makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee who exercised his right to file or participate in the filing of a complaint.

More specifically, Cpl. Babby claims that he was retaliated against by the Defendant City of Wilmington Department of Police ("WPD") because Cpl. Babby filed an internal complaint against his supervisor based upon certain inappropriate comments made.

WPD denies that Cpl. Babby was discriminated against in anyway.

I will now instruct you more fully on the issues you must address in this case.

### 5.1.7    Elements of a Title VII Claim — Retaliation

Cpl. Babby claims that WPD discriminated against him because of Cpl. Babby's action in filing a complaint against his supervisor after remarks made by the supervisor.

To prevail on this claim, Cpl. Babby must prove all of the following by a preponderance of the evidence:

First: Cpl. Babby participated in the filing of a complaint against his supervisor for what he deemed were racially insensitive remarks.

Second: Cpl. Babby was intentionally subjected to a materially adverse action at the time, or after, the protected conduct took place by WPD transferring him back to the Patrol Division after he filed the complaint against his supervisor and not honoring his transfer request out of the Patrol Division.

Third: There was a causal connection between Cpl. Babby's filing of the complaint and his transfer to the Patrol Division and a causal connection between Cpl. Babby's filing of complaint and the the WPD not granting Cpl. Babby's requests to be transfered out of the Patrol Division.

Concerning the first element, Cpl. Babby need not prove the merits of his filing of the complaint, but only that he was in fact a participant in the complaint process, placing him in a protected class.

Concerning the second element, the term "materially adverse" means that Cpl. Babby must show that the transfer to the Patrol Division and the WPD not granting Cpl. Babby's requests to transfer out of the Patrol Division was serious enough that it might have discouraged a reasonable worker from filing such a complaint against his supervisor.

The third element, causal connection, may be established by the Cpl. Babby in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is WPD's action or inaction followed shortly after WPD became aware of Cpl. Babby's filing of the Complaint. Causation is, however, not necessarily ruled out by a more extended passage of time, nor is it necessarily established because of the proximate timing. Causation may or may not be proven by antagonism shown toward Cpl. Babby or a change in demeanor toward Cpl. Babby. The chain of causation may or may not be broken if the individuals in a position to transfer or not transfer Cpl. Babby were not directly motivated by the complaint process in which Plaintiff participated. However, it is not necessary that those decision-makers were directly motivated by the Plaintiff's actions. You may find that a retaliatory motive of a non-decision-maker tainted the decision of the individual making the transfer decision, and in that instance the

decision to not grant Cpl. Babby's request may or may not be causally linked to the Cpl. Babby's participation in filing a complaint.[1]

Ultimately, you must decide whether Cpl. Babby's filing of a complaint had a determinative effect on WPD's decision to transfer Cpl. Babby's to the Patrol Division and whether Cpl. Babby's filing of a complaint had a determinative effect on Cpl. Babby remaining in the Patrol Division despite requests for transfer. "Determinative effect" means that if not for Cpl. Babby's filing a complaint against his supervisor, Cpl. Babby would not still be in the Patrol Division.

If you find that Cpl. Babby has established each of the three elements above, you must then decide whether WPD has met its burden of demonstrating some legitimate non-retaliatory reason for its actions. WPD must come forward with evidence that establishes that their actions were not motivated by retaliatory intent. If WPD meets that burden, you must then determine whether WPD stated reason for its actions is a mere pretext or cover-up for unlawful retaliation.[2] It is ultimately Cpl. Babby's burden to establish the retaliatory motive of WPD.

---

[1] *Caver v. City of Trenton*, 420 F.3d 243, 257 (3d. Cir. 2005).
[2] *M. Lafate v. Chase Manhattan Bank (USA)*, 123 F.Supp.2d 773, 786 (D.Del. 2000).

**5.4.1    Title VII Damages — Compensatory Damages — General Instruction**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not WPD should be held liable.

If you find by a preponderance of the evidence that  WPD intentionally discriminated against Cpl. Babby by transferring Cpl. Babby to the Patrol Division and not granting his request to transfer out of the Patrol Division, then you must consider the issue of compensatory damages. You must award Cpl. Babby an amount that will fairly compensate him for any injury he actually sustained as a result of WPD's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Cpl. Babby in the position he would have occupied if the discrimination had not occurred.  Cpl. Babby has the burden of proving damages by a preponderance of the evidence.

Cpl. Babby must show that the injury would not  have occurred without WPD's act or omission.  Cpl. Babby must also show that WPD's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of WPD's act or omission.  This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether WPD's actions or omissions were motivated by discrimination. In other words, even assuming that WPD's actions or omissions were motivated by discrimination, Cpl. Babby is not entitled to damages for an injury unless WPD's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Cpl. Babby experienced as a consequence of WPD's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

As I instructed you previously,  Cpl. Babby has the burden of proving damages by a preponderance of the evidence. But the law does not require that Cpl. Babby prove the amount of his losses with mathematical precision; it requires only  as much definiteness and accuracy as circumstances permit.

You are instructed that Cpl. Babby has a duty under the law to "mitigate" his damages-- that means that Cpl. Babby must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by WPD.  It is WPD's burden to prove that Cpl. Babby has failed to mitigate.  So if WPD persuades you by a preponderance of the evidence that Cpl. Babby failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Cpl. Babby's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

### 5.4.3   Title VII Damages – Back Pay— For Advisory or Stipulated Jury

If you find that WPD intentionally retaliated against Cpl. Babby in transferring Cpl. Babby to Patrol Division and not granting Cpl. Babby's requests to transfer him out of Patrol Division, then you must determine the amount of damages that WPD's actions have caused Cpl. Babby. Cpl. Babby has the burden of proving damages by a preponderance of the evidence.

Back pay damages, if any, apply from the time Cpl. Babby was transferred to Patrol Division in late 2001 until the date of your verdict.[3]

You must reduce any award by the amount of the expenses that Cpl. Babby would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Cpl. Babby has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

---

[3] Back pay damages, if any, apply from the time [plaintiff] was [describe employment action] until the date of your verdict. [However, federal law limits a plaintiff's recovery for back pay to a maximum of a two year period before the plaintiff filed [his/her] discrimination charge with the Equal Opportunity Employment Commission. Therefore the back pay award in this case must be determined only for the period between [specify dates]].

**Jury Instruction No. 12 - Nominal Damages**

If you return a verdict for Cpl. Babby, but Cpl. Babby has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**2.4    General Instructions For Use During Trial  — Stipulations of Fact**

      The parties have agreed that set forth stipulated facts are true.  The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat those facts as having been proved for the purposes of this case.

**2.5    General Instructions For Use During Trial  — Use of Depositions**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**2.8   General Instructions For Use During Trial —  Charts and Summaries Not Admitted in Evidence**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. These charts and summaries are not themselves proof of any facts. They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

**2.14    General Instructions For Use During Trial —  Recess Admonition**

We are about to take our first recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet]. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

**3.1     General Instructions For Use At End of Trial —  Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**3.2    General Instructions For Use At End of Trial — Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**3.4    General Instructions For Use At End of Trial —  Deadlock**

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions.  You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-552 JJF |
| v. | : | |
| | : | TRIAL BY JURY DEMANDED |
| CITY OF WILMINGTON | : | |
| DEPARTMENT OF POLICE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S PROPOSED JURY VERDICT FORM**

1.      Do you find that William Babby has proven by a preponderance of the evidence that there is a causal connection between (1) William Babby's participation in the complaint process in May of 2001 regarding William Wells, and (2) the City of Wilmington Police Department supervisory personnel's transfer of William Babby to the Patrol Division and the denial of William Babby's transfer out of the Patrol Division?

    **ANSWER:**        Yes_____        No_____

    *[If you answered NO to Questions 1 then DO NOT proceed any further.  Stop and inform Bailiff that you have reached a decision]*

2.      Do you find that the WPD had a legitimate non-retaliatory reason to transfer William Babby to the Patrol Division and the denial of William Babby's transfer out of the Patrol Division?

    **ANSWER:**        Yes_____        No_____

    *[If you answered YES to Questions 1 then DO NOT proceed any further.  Stop and inform Bailiff that you have reached a decision]*

3.     Do you find that Plaintiff has proven by a preponderance of the evidence that he suffered damages as a proximate or legal cause of such intentional retaliation?

**ANSWER:**        Yes_____        No_____

*[If your answer is "No" to question 3, then do not proceed any further.]*

4.     If you selected "Yes" for Question 3, do you find that Plaintiff has proven by a preponderance of the evidence his damages for emotional pain, suffering, or mental anguish?

**ANSWER:**        Yes_____        No_____

5.     If you selected "Yes" for Question 4, then what is the total amount of damages for Plaintiff's emotional pain, suffering, or mental anguish that Plaintiff has proven by a preponderance of the evidence?

**ANSWER:**        $_____

6.     Did Plaintiff prove beyond a preponderance of the evidence that the WPD precluded Plaintiff from working overtime between 2002 and present?

**ANSWER**:        Yes _____        No_____

*[If your answer is NO to question 6, then do not proceed any further.]*

2

7.     If you selected "Yes" for Question 6, then what is the total amount of back-pay damages that Plaintiff has proven by a preponderance of the evidence?

**ANSWER:**          $_____

*Inform Bailiff that you have reached a decision.*

**Please sign your name to this form in the space below.**

_____
            **Foreperson**

3