## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | : | |
| | : | C.A. NO.: 06-552 JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF WILMINGTON | : | |
| DEPARTMENT OF POLICE, | : | |
| | : | |
| Defendant. | : | |

## **JURY INSTRUCTIONS**

March 27, 2008

## TABLE OF CONTENTS

1.    Introduction

2.    Juror's Duties

3.    Evidence Defined

4.    Consideration of Evidence

5.    Direct and Circumstantial Evidence

6.    Credibility of Witnesses

7.    Conflicts of Evidence

8.    Deposition or Prior Testimony

9.    Burden of Proof

10.   Stipulations of Fact

11.   Number of Witnesses

12.   Title VII Introductory Instruction

13.   Elements of a Title VII Claim - Retaliation

14.   Title VII Damages - Compensatory Damages - General Instruction

15.   Title VII Damages - Back Pay

16.   Nominal Damages

17.   Deliberation and Verdict

18.   Special Verdict Form

19.   Court Has No Opinion

## 1. **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Though each of you have been provided a copy of these instructions, it is important that you focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at the time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## 2. **JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has carried his burden to prove that the defendant is liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence you decision in any way.

2

### 3. **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

3

## 4. **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 5. **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

5

## 6. **CREDIBILITY OF WITNESSES**

You, as the jurors, are the sole judges of the credibility of the witnesses and of the value, weight, and sufficiency of their testimony.

You should carefully consider all of the testimony that has been given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, demeanor, and manner while on the stand. Consider the witness' ability to observe the matters to which he has testified, and whether that witness impresses you as having an accurate recollection of those matters. Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness had made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

6

## 7. **CONFLICTS OF EVIDENCE**

If you find the evidence in this case to be in conflict, you should try to reconcile it to make one harmonious and understandable story of it all, but if you cannot reconcile the differences, then it becomes your duty to estimate the weight and the value of the evidence of the respective sides and give credence to that side upon which you find the greater weight and the most credit. In estimating that weight and giving credit, you may consider each witness' means of knowledge, the facts about which the witness testified, the witness' intelligence, the witness' apparent truthfulness and fairness, and all other facts and circumstances indicating whether the witness is reliable.

## 8.  DEPOSITION OR PRIOR TESTIMONY

During the trial of this case, certain testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statements or answers to questions asked of a witness in advance of trial by one or more of the lawyers for the parties to the case.  The testimony of a witness may be presented in writing or on video when that witness cannot be present to testify in court or who is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise as if the witness had been present and had testified from the witness stand.

8

## 9. **BURDEN OF PROOF**

This is a civil case. William P. Babby, III, has the burden of proving his claims and damages by what is called a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that certain evidence, when considered and compared to the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them and all exhibits received in evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not William P. Babby, III, has met his burden of proof on various issues.

9

## 10.  <u>STIPULATIONS OF FACT</u>

The parties have agreed that set forth stipulated facts are true.  The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat those facts as having been proved for the purposes of this case.

## 11. **NUMBER OF WITNESSES**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 12. **TITLE VII INTRODUCTORY INSTRUCTION**

In this case the Plaintiff William P. Babby makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee who exercised his right to file or participate in the filing of a complaint.

More specifically, Cpl. Babby claims that he was retaliated against by the Defendant City of Wilmington Department of Police ("WPD") because Cpl. Babby filed an internal complaint against his supervisor based upon certain inappropriate comments made.

WPD denies that Cpl. Babby was discriminated against in anyway.

I will now instruct you more fully on the issues you must address in this case.

12

### 13. **ELEMENTS OF A TITLE VII CLAIM — RETALIATION**

Cpl. Babby claims that WPD discriminated against him because of Cpl.

Babby's action in filing a complaint against his supervisor after remarks made by the supervisor.

To prevail on this claim, Cpl. Babby must prove all of the following by a preponderance of the evidence:

First: Cpl. Babby participated in the filing of a complaint against his supervisor for what he deemed were racially insensitive remarks.

Second: Cpl. Babby was intentionally subjected to a materially adverse action at the time, or after, the protected conduct took place by WPD transferring him back to the Patrol Division after he participated in the filing of the complaint against his supervisor and/or not honoring his transfer request out of the Patrol Division.

Third: There was a causal connection between Cpl. Babby's participation in the filing of the complaint and his transfer to the Patrol Division and/or a causal connection between Cpl. Babby's participation in the filing of the complaint and the WPD not granting Cpl. Babby's requests to be transferred out of the Patrol Division.

Concerning the first element, Cpl. Babby need not prove the merits of his filing of the complaint, but only that he was in fact a participant in the complaint process, placing him in a protected class.

Concerning the second element, the term "materially adverse" means that Cpl.

13

Babby must show that the transfer to the Patrol Division and the WPD not granting

Cpl. Babby's requests to transfer out of the Patrol Division were serious enough so that

they might have discouraged a reasonable worker from filing such a complaint against

his supervisor.

The third element, causal connection, may be established by Cpl. Babby in

many ways. For example, you may or may not find that there is a sufficient connection

through timing, that is WPD's action or inaction followed shortly after WPD became

aware of Cpl. Babby's filing of the Complaint. Causation is, however, not necessarily

ruled out by a more extended passage of time, nor is it necessarily established because

of the proximate timing. Causation may or may not be proven by antagonism shown

toward Cpl. Babby or a change in demeanor toward Cpl. Babby. The chain of

causation may or may not be broken if the individuals in a position to transfer or not

transfer Cpl. Babby were not directly motivated by the complaint process in which

Plaintiff participated. However, it is not necessary that those decision-makers were

directly motivated by the Plaintiff's actions. You may find that a retaliatory motive of

a non-decision-maker tainted the decision of the individual making the transfer

decision, and in that instance the decision to not grant Cpl. Babby's request may or

may not be causally linked to the Cpl. Babby's participation in filing a complaint.

Ultimately, you must decide whether Cpl. Babby's participation in the filing of

a complaint had a determinative effect on WPD's decision to transfer Cpl. Babby to

the Patrol Division and whether Cpl. Babby's participation in the filing of a complaint

had a determinative effect on Cpl. Babby remaining in the Patrol Division despite

14

requests for transfer. "Determinative effect" means that if not for Cpl. Babby's participation in the filing of a complaint against his supervisor, Cpl. Babby would not still be in the Patrol Division.

If you find that Cpl. Babby has established each of the three elements above, you must then decide whether WPD has met its burden of demonstrating some legitimate non-retaliatory reason for its actions. WPD must come forward with evidence that establishes that their actions were not motivated by retaliatory intent. If WPD meets that burden, you must then determine whether WPD stated reason for its actions is a mere pretext or cover-up for unlawful retaliation. It is ultimately Cpl. Babby's burden to establish the retaliatory motive of WPD.

## 14. <u>TITLE VII DAMAGES — COMPENSATORY DAMAGES</u> <u>GENERAL INSTRUCTION</u>

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not WPD should be held liable.

If you find by a preponderance of the evidence that WPD intentionally discriminated against Cpl. Babby by transferring Cpl. Babby to the Patrol Division and/or not granting his request to transfer out of the Patrol Division, then you must consider the issue of compensatory damages. You must award Cpl. Babby an amount that will fairly compensate him for any injury he actually sustained as a result of WPD's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Cpl. Babby in the position he would have occupied if the discrimination had not occurred. Cpl. Babby has the burden of proving damages by a preponderance of the evidence.

Cpl. Babby must show that the injury would not have occurred without WPD's act or omission. Cpl. Babby must also show that WPD's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of WPD's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether WPD's actions or omissions were motivated by discrimination. In other words, even assuming that WPD's actions or omissions were motivated by discrimination, Cpl. Babby is not entitled to damages for an injury unless WPD's

16

discriminatory actions or omissions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Cpl. Babby experienced as a consequence of WPD's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

As I instructed you previously, Cpl. Babby has the burden of proving damages by a preponderance of the evidence. But the law does not require that Cpl. Babby prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Cpl. Babby has a duty under the law to "mitigate" his damages--that means that Cpl. Babby must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by WPD. It is WPD's burden to prove that Cpl. Babby has failed to mitigate. So if WPD persuades you by a preponderance of the evidence that Cpl. Babby failed to take advantage of an opportunity that was reasonably available to him, then you must reduce

17

the amount of Cpl. Babby's damages by the amount that could have been reasonably

obtained if he had taken advantage of such an opportunity.

## 15. TITLE VII DAMAGES – BACK PAY

If you find that WPD intentionally retaliated against Cpl. Babby in transferring Cpl. Babby to Patrol Division and/or not granting Cpl. Babby's requests to transfer him out of Patrol Division, then you must determine the amount of damages that WPD's actions have caused Cpl. Babby. Cpl. Babby has the burden of proving damages by a preponderance of the evidence.

Back pay damages, if any, apply from 2003 until the present.

You must reduce any award by the amount of the expenses that Cpl. Babby would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Cpl. Babby has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

## 16. **NOMINAL DAMAGES**

If you return a verdict for Cpl. Babby, but Cpl. Babby has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

20

## 17.  **DELIBERATION AND VERDICT**

How you conduct your deliberations is up to you.  But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in the case.

In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any

21

intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Deputy Clerk. She will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

22

## 18. SPECIAL VERDICT FORM

To aid you in your deliberations a special verdict sheet has been prepared. The questions on that sheet, called "special interrogatories," either call for a "yes" or "no" answer or for an answer containing a number.

The special verdict form instructs the jury to answer the questions in the order they are presented. It is important to follow the order in which the questions are presented. So, although you should certainly read through all of the questions before you start to answer any of them, I strongly urge that you take up the question in the order in which they are presented.

The answer to each question must be the unanimous answer of the jury. Your foreperson, who by custom is the Number One juror, will write the unanimous answer of the jury in the space provided under each question. The foreperson will then date and sign the special verdict form and the jury will notify the bailiff.

## 19. **COURT HAS NO OPINION**

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the plaintiff has proven his case by a preponderance of the evidence.