IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WILLIAM P. BABBY, III**, | ) |
| | ) C.A. NO. 06-552 JJF |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| **CITY OF WILMINGTON** | ) |
| **DEPARTMENT OF POLICE**, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CITY OF WILMINGTON DEPARTMENT OF POLICE'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure 59(b), Defendant City of Wilmington Department of Police ("Defendant" or "WPD"), by and through its undersigned attorneys, hereby submits its Renewed Motion for Judgment as a Matter of Law and in support thereof, avers as follows:

1. Following the close of Plaintiff's case, Defendant, pursuant to Fed. R. Civ. P. 59(a), moved for judgment as a matter of law on the following bases: (1) there was no legally sufficient evidentiary basis from which a reasonable jury could have concluded that any member of the WPD retaliated against Plaintiff based upon his participation in the complaint against Sergeant Wells; (2) that Plaintiff failed to adduce any evidence from which a reasonable jury could have concluded that Plaintiff's transfer to "E" Platoon and subsequent denial of transfers were causally related to Plaintiff's participation in the complaint against Sergeant Wells; (3) that any cause of action arising from Plaintiff's transfer from "F" to "E" platoon was barred as untimely; and (4) that Babby failed to prove the existence of damages.[1]

---

[1] Considering the jury's award of nominal damages in the amount of $1.00, the WPD obviously does not renew its motion for judgment as a matter of law with respect to Plaintiff's failure to prove

1

2.This Court's standard of review is well-established.  A court may grant judgment as a matter of law when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 461 (D. Del. 2006) (citing Fed. R. Civ. P. 50(a)).  In assessing the sufficiency of the evidence, a court must review all of the evidence in the record, viewing it in the light most favorable to the non-moving party and giving the non-moving party the benefit of all fair and reasonable inferences that could be drawn from it.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).  The court should also give credence to the evidence "supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* at 151.  "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Goodman v. Pennsylvania Turnpike Comm.*, 293 F.3d 655, 665 (3d Cir. 2002); *see also Joy Tech., Inc. v. Flakt, Inc.*, 820 F. Supp. 802, 805 (D. Del. 1993), *aff'd,* 60 F.3d 843 (Fed. Cir. 1995).

3.Here, the Court should enter judgment as a matter of law because Plaintiff failed to offer <u>any</u> evidence -- much less a "legally sufficient" basis -- from which a reasonable jury could have concluded that any of the decision-makers involved in his transfer or denial of transfer requests (*e.g.*, Captain Marlyn Dietz, Captain James T. Jubb and Captain Victor Ayala) made their decisions *because* of Plaintiff's role in the complaint against Sergeant Wells.

---

damages.

4. Indeed, the only evidence Plaintiff offered at trial was that he complained about Wells' conduct and subsequently did not receive the assignments he requested. Any evidence causally connecting the actions was lacking.

5. In addition, as it relates to Plaintiff's specific claim of retaliatory transfer from "F" to "E" Platoon in 2001, that claim was plainly untimely. In Delaware, an employee claiming an unlawful employment practice must file a charge with the EEOC or DDOL within 300 days of the unlawful employment practice. *See Riley v. Delaware River and Bay Authority*, 457 F. Supp. 2d 505, 510 n. 3 (D. Del. 2006) (citations omitted). Here, Plaintiff filed his initial Charge of Discrimination with the EEOC on March 25, 2005, well more than 300 days after the alleged misconduct occurred.

6. To the extent Plaintiff argues that this claim is part of one "continuing violation" and thus linked with Plaintiff's otherwise timely retaliation claims, that position is clearly belied by the case law. The continuing violation doctrine has only been adopted in the context of a hostile work environment claim, *see e.g. Riley*, 457 F. Supp. 2d at 511, a claim Plaintiff expressly dropped at trial.

7. Even if Plaintiff had not dropped his hostile work environment claim, his 2001 retaliatory transfer claim would still be barred inasmuch as well-settled law establishes that a retaliatory transfer is an independent wrongful act and cannot be considered part of a continuing violation. *See O'Connor v. City of Newark,* 440 F.3d 125, 127 (3d Cir. 2006); *Raymond v. City of Chicago*, 183 F. Supp. 2d 1060, 1068 (N.D. Ill. 2002) (citations omitted) ("Not being promoted is like being fired, demoted, or receiving a retaliatory job transfer because they are all single events, not continuing acts, and the retaliatory character of those events should be apparent at the time of the decision.")

8.  Plaintiff's 2001 retaliatory transfer claim is thus barred as a matter of law, affording the jury even less evidence from which to conclude that the WPD retaliated against Plaintiff.

9.  For the foregoing reasons, the WPD respectfully renews its request for judgment as a matter of law.

DATED:    April 14, 2008               **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendant City of Wilmington Department of Police

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **WILLIAM P. BABBY, III**, | ) |
| | ) C.A. NO. 06-552 JJF |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| **CITY OF WILMINGTON DEPARTMENT OF POLICE**, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2008, after considering Defendant's Renewed Motion For Judgment As A Matter Of Law, and any response thereto, it is hereby ordered that the motion is GRANTED.

_____
The Honorable Joseph J. Farnan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WILLIAM P. BABBY, III,** ) | |
| ) | C.A. NO. 06-552 JJF |
| **Plaintiff,** ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| **CITY OF WILMINGTON** ) | |
| **DEPARTMENT OF POLICE,** ) | |
| ) | |
| **Defendant.** ) | |

### CERTIFICATE OF SERVICE

I, Gary W. Lipkin, hereby certify that on April 14, 2008, I served the foregoing document on the following counsel of record via e-filing:

Jeffrey K. Martin, Esq.
Martin & Wilson
1508 Pennsylvania Ave.
Wilmington, DE 19806

                          **CITY OF WILMINGTON**

                          /s/ Gary W. Lipkin
                          Gary W. Lipkin (Bar I.D. No. 4044)
                          Assistant City Solicitor
                          City/County Building
                          800 N. French Street
                          Wilmington, DE 19801
                          302.576.2187

                          Attorney for Defendant City of Wilmington Department of Police