IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, ) | |
| ) | C.A. NO. 06-552 JJF |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CITY OF WILMINGTON ) | |
| DEPARTMENT OF POLICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CITY OF WILMINGTON DEPARTMENT OF POLICE'S
RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL**

Defendant City of Wilmington Department of Police ("Defendant" or "WPD"), by and through its undersigned attorney, hereby submits the foregoing Response to Plaintiff's Motion for a New Trial and in support thereof, avers as follows:

1. Plaintiff claims in his Motion for New Trial (the "Motion") that "the Jury Verdict Form ... was incorrect as a matter of law" in that the jury awarded only nominal damages while indicating that it found evidence of emotional pain. (*See* Motion ¶¶ 2, 7) Plaintiff's argument is flawed on a number of levels.

2. First, any challenge to the Jury Verdict Form has been waived inasmuch as Plaintiff never made any objection prior to its submission to the jury. "[W]here a [party] fails to object to the form and language of special verdict forms or to the jury charges, before closing arguments or at the close of charging before the jury retires to deliberations, and the form had been submitted to counsel, objections are waived." *Neely v. Club Med Management*, 63, F.3d 166, 200 (3d Cir. 1995) (citations omitted). "The Federal Rules of Civil Procedure provide that all parties have the right to make objections on the record regarding both instructions and verdict sheets given to jurors. A party must

make timely objections to both the form and the language of verdict forms before the jury retires to deliberations." *Durkin v. City of Newark*, 2007 U.S. Dist. LEXIS 68417, at *21 (D. Del. Sept. 17, 2007) (citations omitted). *See also Inter Med. Supplies, Ltd. v. Ebi Med. Sys.*, 181 F.3d 446, 463 (3d Cir. 1999) (failure to object to a proposed verdict sheet at the time the jury received the sheet constitutes a waiver of this objection).

3. Even if Plaintiff's challenge is not deemed to be waived, the Motion should still be denied as baseless. Although Plaintiff argues that the jury "found that Plaintiff Babby suffered actual damages," Plaintiff never offers any explanation for why -- if that was truly the case -- the jury declined to enter any such award. Plaintiff never argues that the jury instructions or verdict form were flawed in a manner that would preclude that relief. Nor does Plaintiff argue that the jury award was grossly inadequate in light of the facts adduced at trial.[1]

4. Plaintiff's only argument appears to be that, although the jury awarded only nominal damages, the jury technically answered "yes" next to Question 2, indicating that Plaintiff proved evidence of emotional pain, suffering or mental anguish. (*See* Jury Verdict Form) Though not entirely clear, it thus appears that Plaintiff takes the position that the jury must have *intended* to grant compensatory damages for Plaintiff's emotional pain, yet for a reason that remains unknown, failed to award any such damages on the Jury Verdict Form.

---

[1] Plaintiff's inability to cite any specific facts in support of his Motion is unsurprising. Very little time was spent at trial discussing Plaintiff's emotional pain and the jury's refusal to grant actual damages reflecting such pain cannot be considered unexpected. "A motion for a new trial based on the weight of the evidence should be denied unless the amounts awarded are 'shocking to the judicial conscience or so grossly inadequate as to constitute a miscarriage of justice.'" *Spruill v. Winner Ford*, 1998 U.S. Dist. LEXIS 5524, at **4-5 (D. Del. Apr. 6, 1998) (citations omitted).

2

5.      Plaintiff's argument strains credulity. Any supposed discrepancy in the Jury Verdict Form is easily reconciled when considering the Court's earlier instructions. With respect to nominal damages, the Court instructed the jury as follows: "If you return a verdict for Cpl. Babby, but Cpl. Babby has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00." (*See* Jury Instructions)

6.      However, the Jury Verdict Form (perhaps inadvertently) did not provide a separate line for the jury to award nominal damages. Rather, in order to do so, the jury seemingly had to first answer "yes" to either Questions 2 or 3, indicating that it first found evidence of emotional pain or a loss of overtime or extra duty job income. Only if the jury answered "yes" to one of those sections, could the jury then issue an award of damages, including an award of nominal damages.

7.      This is precisely what occurred. The jury found that the City retaliated against Plaintiff, but also found that Plaintiff failed to prove the existence of damages. Since there was no line on the verdict sheet on which to enter nominal damages per the Court's instructions, the jury was forced to answer "yes" to either Questions 2 or 3 and enter its award of nominal damages in the line that followed. To the extent that Plaintiff now argues that the jury actually intended to award anything other than nominal damages -- even though it issued an award of only $1.00 -- that argument is simply implausible.[2]

---

[2] We pause to note that altering the Jury Verdict Form to provide a line for the jury to specifically award nominal damages would obviously not have helped the Plaintiff. Plaintiff would have received a $1.00 judgment either way. Perhaps that is why Plaintiff did not make any such objection until now. If anything, this potential discrepancy made it *more* difficult for the jury to award nominal as opposed to actual damages, which might have been a problem for the WPD, but certainly not the Plaintiff. Nothing prevented or otherwise restricted the jury's ability to award

3

8. When a party alleges a discrepancy between the special verdict interrogatories and the verdict, a Court must abide by the jury's verdict "when there is *any view* of the case which reconciles the various answers." *Elliott v. Kiesewetter*, 2004 U.S. App. LEXIS 21628, at ** 6-7 (3d Cir. Oct. 18, 2004) (citations omitted) (emphasis in original). *See also Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 293 (3d Cir. 1980) ("Since there is at least one way to explain the jury's answers to the interrogatories, we are bound to affirm them.").

9. In light of the Court's earlier instructions, the jury's award of nominal damages is easily reconciled with the interrogatory answers. As such, this Court must abide by the jury's verdict. *See Elliott*.

10. Lastly, we note that that even if Plaintiff's challenge to the Jury Verdict Form is not deemed to be waived and is otherwise valid, the proper remedy would not be a new trial on damages alone, but would be an entirely new trial. "A new trial on the issue of damages alone is not appropriate where circumstances indicate that the verdict may have resulted from a jury compromise on liability." *Harden v. Allstate Ins. Co.*, 1996 U.S. Dist. LEXIS 5066, at *14 (D. Del. Apr. 16, 1996) (citing *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 760 (3d Cir. 1977).

11. In *Hatfield v. Seaboard Airline RR Co.*, 396 F.2d 721 (5th Cir. 1968), examined with approval by the Third Circuit Court of Appeals in *Vizzini*, the jury found the defendant liable for negligence where the evidence of liability was slim, but awarded only nominal damages in the amount of $1.00. *Hatfield*, 396 F.2d at 723. On appeal, the Fifth Circuit Court of Appeals denied Plaintiff's request for a new trial with respect to

---

compensatory damages had it desired to do so. In any event, it bears repeating that any challenge to the Jury Verdict Form or jury instructions has been waived.

damages only, and indicated that, if anything, an entirely new trial on both liability and damages would be required. According to the Court, "the nominal damage award can be seen only as the result of a compromise on one of the liability issues or as an attempt to render a verdict for [the defendant] with [the defendant] paying the costs." *Id.* at 724.

12.     *Hatfield* is squarely on point. Like the jury in *Hatfield*, by finding in favor of Plaintiff Babby on liability but awarding only nominal damages, the jury's verdict strongly appears to be the result of a compromise. Under these circumstances, well-settled precedent from the Third Circuit and elsewhere instructs that should the Court be inclined to grant Plaintiff any relief, the relief must be in the form of a new trial on both liability and damages. *See Vizzini*, 569 F.2d at 761-62.

13.     Additionally, a new trial on both liability and damages, as opposed to damages alone, would also be required because the jury never specified which transfers or failure to transfer were retaliatory. If the jury found that the WPD retaliated against Plaintiff with respect to the denial of all of Plaintiff's requests for transfers, Plaintiff would obviously stand to gain more in the way of damages then if the jury found that the WPD had retaliated against him with respect to only one of his transfer requests. Because the scope of damages is inextricably linked to the answer to this question, Plaintiff's request for a trial on damages only must be denied.

WHEREFORE the WPD respectfully requests that Plaintiff's Motion for a New Trial be denied.

DATED:    April 24, 2008                    **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendant City of Wilmington Department of Police

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) C.A. NO. 06-552 JJF |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| CITY OF WILMINGTON | ) |
| DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this _____ day of _____, 2008, after considering Plaintiff's Motion for a New Trial, and Defendant's response thereto, it is hereby ordered that the motion is DENIED.

_____
The Honorable Joseph J. Farnan, Jr.