IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, ) | |
| ) | |
| Plaintiff, ) | C.A. NO. 06-552 JJF |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CITY OF WILMINGTON ) | |
| DEPARTMENT OF POLICE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT CITY OF WILMINGTON DEPARTMENT OF POLICE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff, William P. Babby, III, answers Defendant City of Wilmington Department of Police's Renewed Motion for Judgment as a Matter of Law (D.I. #67) by opposing same and stating as follows:

1. In Defendant's Renewed Motion for Judgment as a Matter of Law, Defendant acknowledges that during its oral Motion for Judgment presented at trial, it argued that Plaintiff presented insufficient evidence that "any member of the WPD retaliated against Plaintiff based upon his participation in the complaint against Sergeant Wells." (Def.'s Mtn. at ¶ 1). Defendant substantially narrows its legal insufficiency of evidence argument in its Motion[1] by stating that Plaintiff failed to "offer <u>any</u> evidence"[2] to show that any of the decision makers (the Captains) made their decisions not to select Plaintiff because of his role in the complaint against Sgt. Wells. (Def.'s Mtn. at ¶ 3).

---

[1] Defendant appears to have conceded that Plaintiff proved retaliation by members of the Wilmington Police Department other than the "decision-makers" (the Captains who made the transfer decisions). (Def.'s Mtn. at ¶ 3).
[2] Defendant, through its solicitor's office rather than through private counsel who tried this case, may be hard-pressed to state in categorical terms, as was done above, that there was no evidence when, in fact, moving counsel was not present for some portions of the trial and wherein, at the time of the preparation of this Motion, the trial transcript was not reviewed.

2

    2.    Defendant's conclusion that there was no evidence with regard to the connection between the Captains who made the final decisions as to the transfers and Plaintiff's complaint against Sgt. Wells in 2001 fails to acknowledge that these decision makers, prior to their selection of candidates to transfer, each testified that they were aware of Plaintiff's role with regard to the complaint against Sgt. Wells in 2001. In addition, Defendant fails to acknowledge the following non-exclusive list of facts adduced at trial:[3]

    a.    "In or around June of 2001, Plaintiff was officially assigned into F Platoon under the direction of Cpt. Marlyn Dietz and Lt. Mitchell Rock, both of whom are close friends of Sgt. Wells." (Statement of Facts #19);

    b.    "In or around the first week of September 2001, Plaintiff was called into Lt. Rock's office, along with Sgt. Corey Staats. Lt. Rock asked Plaintiff what his problem was and why he had not made any arrests or given out any tickets all summer." (Statement of Facts #21);

    c.    "In October 2001, Lt. Rock approached Plaintiff's soon-to-be supervisor, Sgt. Morrissey, and advised him that he should watch out for Plaintiff because Plaintiff is a "no good piece of shit." (Statement of Facts #23);

    d.    Sgts. Morrissey and Fiorvanti testified that Sgt. Wells appeared to have a close relationship with Chief Szczerba as evidenced by having many lunches together;

    e.    "Sgt. Wells was subsequently transferred to a position in the Chief's Office as the Department spokesperson." (Statement of Facts #16);

    f.    Sgt. Wells was thereafter promoted to Lieutenant;

---

[3] Defendant makes a series of conclusory statements in its Motion, but fails to provide any of the specifics and/or citations from the trial.

3

  g. Sgt. Wells received only "Department-Level Counseling," although Cpt. Cummings recommended a written reprimand;

  h. Plaintiff made at least nine written requests for transfers and the successful candidates often had less experience and qualifications than Plaintiff;

  i. The Captains who selected transferees failed to establish why Plaintiff was not selected for the positions;

  j. Several supervising officers with the Wilmington Police Department testified that Patrol Division is the least desirable work and is considered by many to be punishment;

  k. Plaintiff's last evaluation was deemed to be superb, but does not appear to have positively influenced his applications for transfer.

  3. In Paragraphs 5 through 8 of its Motion, Defendant argues that Plaintiff's claim was "plainly untimely" and that the "continuing violation" doctrine should not apply in this matter. While Defendant offers legal authority for these legal arguments advanced in this Motion, Defendant fails to acknowledge that these issues were never raised and made part of a Pretrial Order in this matter. (D.I. #47 and #51).

  4. The final statement of the Pretrial Order states as follows:

> This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

No application was made by Defendant arguing that there was manifest injustice. These legal arguments are deemed to have been waived because they were not raised and/or made a part of the Pretrial Order.

  5. Defendant filed a Memorandum entitled "Defendant's Memorandum In Law Regarding Anticipated Evidentiary Objections" (D.I. #55) on March 20, 2008, approximately

four hours prior to commencement of the trial (intervening was Good Friday and Easter Weekend).

6. Plaintiff filed a letter response that same afternoon claiming undue prejudice at the last minute filing and arguing that the term used by Defendant, "evidentiary objections," was incorrect. Instead, Plaintiff argued that most of the Memorandum involved issues of substantive law that had never been raised in the Pretrial Order.

7. The newly raised issues of substantive law including allegations of late filing and the inapplicability of the continuing violation theory, were not specifically addressed by the Court at trial and were effectively denied. The Court did grant, in part, some of the evidentiary relief sought by Defendant in its Memorandum.

8. Defendant, at the time of the Motion for Judgment as a Matter of Law was initially presented following Plaintiff's case at trial, argued that Plaintiff failed to prove the existence of damages. Interestingly, Defendant stated in the instant Motion that "the WPD obviously does not Renew its Motion for Judgment as a Matter of Law with respect to Plaintiff's failure to prove damages." (See Def.'s footnote 1). In so declaring, Defendant now admits "the existence of damages" was proven by Plaintiff at trial. Plaintiff respectfully submits that this concession has a direct impact upon Plaintiff's Motion for New Trial (D.I. #65) with regard to the award of nominal damages by the jury rather than compensatory damages as directed by the jury instructions.

5

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that Defendant City of Wilmington Department of Police's Renewed Motion for Judgment as a Matter of Law be denied.

MARTIN & WILSON, P.A.

_[signature]_

JEFFREY K. MARTIN, ESQ. (# 2407)
TIMOTHY J. WILSON, ESQ. (#4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
*Attorneys for Plaintiff*

Dated: May 1, 2007

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. 06-552 JJF |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF WILMINGTON | ) |
| DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF MOTION

To:
Gary W. Lipkin, Esq.
Assistant City Solicitor
City of Wilmington
City/County Building
800 North French Street
Wilmington, DE 19801

Kathleen M. Jennings, Esq.
Chandra Joan Rudloff, Esq.
Oberly Jennings & Rhodunda, P.A.
1220 N. Market St., Ste. 710
P.O. Box 2054
Wilmington, DE 19899

PLEASE TAKE NOTICE, that the undersigned attorney will present Plaintiff's Response to Defendant City of Wilmington Department of Police's Renewed Motion for Judgment as a Matter of Law before the Honorable Joseph J. Farnan, Jr. on May 9, 2008 at 2:00 p.m.

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQ. (# 2407)
TIMOTHY J. WILSON, ESQ. (#4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED:    May 1, 2008

1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. 06-552 JJF |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF WILMINGTON | ) |
| DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, hereby certify that on May 1, 2008, I filed and served via electronic filing the foregoing Plaintiff's Response to Defendant City of Wilmington Department of Police's Renewed Motion for Judgment as a Matter of Law to the following attorney of record:

Gary W. Lipkin, Esq.
Assistant City Solicitor
City of Wilmington
City/County Building
800 North French Street
Wilmington, DE 19801

Kathleen M. Jennings, Esq.
Chandra Joan Rudloff, Esq.
Oberly Jennings & Rhodunda, P.A.
1220 N. Market St., Ste. 710
P.O. Box 2054
Wilmington, DE 19899

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQ. (# 2407)
TIMOTHY J. WILSON, ESQ. (#4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
*Attorneys for Plaintiff*

DATED:   May 1, 2008

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 06-552 JJF |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF WILMINGTON DEPARTMENT OF POLICE, | ) ) ) | |
| Defendants. | ) | |

### ORDER

UPON CONSIDERATION of Defendant City of Wilmington Department of Police's Renewed Motion for Judgment as a Matter of Law, and the Plaintiff's opposition thereto, it is, this ____ day of _____, 2008, hereby

ORDERED that Defendant's Motion is DENIED.

_____
Joseph J. Farnan, Jr., J.