IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. 06-552 JJF |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF WILMINGTON | ) |
| DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT CITY OF WILMINGTON DEPARTMENT OF POLICE'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL**

Plaintiff, William P. Babby, III, files this Reply to Defendant City of Wilmington Department of Police's Response to Plaintiff's Motion for New Trial and states as follows:

1. Defendant's Response completely misconstrues Plaintiff's argument for a new trial. At no time has Plaintiff argued that the Jury Verdict Form was incorrect. Plaintiff's argument was that the jury's response to the question of damages on the Jury Verdict Form was incorrect as a matter of law. In this regard, Defendant's partial quotation from Plaintiff's Motion is misleading.

2. Contrary to Defendant's Response, the identification of Plaintiff's damages[1] in the Motion for New Trial was unnecessary inasmuch as the jury did find that Plaintiff proved that he suffered emotional damages. Indeed, in its Renewed Motion for Judgment as a Matter of Law (D.I. #67 at footnote 1), Defendant also acknowledges that Plaintiff proved the existence of damages.

---

[1] The unrefuted evidence at trial was that Plaintiff suffered damages to his reputation and career. His reputation was damaged in part by Lt. Rock's statement in 2001 that has carried forward to the effect that the Plaintiff is a "no good piece of shit." In addition, Plaintiff testified that he has suffered various physical maladies including lack of sleep, undue stress, increased frequency in migraine headaches and the onset of high blood pressure. Plaintiff's wife testified that Plaintiff became despondent after realizing that he was being retaliated against by being denied transfer opportunities.

3. Despite its concession in its Renewed Motion for Judgment as a Matter of Law (D.I. #67 at footnote 1) acknowledging that Plaintiff did prove damages, Defendant, in this document, argues that the jury "found that Plaintiff failed to prove the existence of damages." (Def.'s Rsp. at ¶ 7).

4. Defendant now argues the lack of proof of damages to suggest that "the verdict may have resulted from a jury compromise on liability." (Def.'s Rsp. at ¶ 10, citing Harden v. Allstate Ins. Co., (citation deleted)).

5. Defendant is incorrect in its statement that "*Hatfield* is squarely on point." (Def.'s Rsp. at ¶ 12). The Hatfield decision is clearly distinguishable from the instant matter. In Hatfield, the issues of liability and damages were interwoven. The $1 verdict could not be reconciled with the "uncontroverted showing of substantial damages" (396 F. 2d at 723) which included "multiple facial injuries, requiring surgery; paresis of the right lateral erectus muscle, causing temporary crossing of his right eye; partial loss of vision in his right eye; marked fragmentation of the superior and lateral walls of the antrum and of the lateral wall of the orbit; fracture of his skull and mandible; and considerable pain and suffering." Id. at 722.

6. The federal courts, including the United States Supreme Court, have allowed "damages only" retrials where the issue of damages is "so distinct and separable from the (issue of liability) that a trial of it alone may be had without injustice." Gasoline Products Co., Inc. v. Champlin Refining Co., 283 U.S. at 500 (1931) as cited by Chief Judge Seitz in Vizzini v. Ford Motor Co., 569 F.2d 754, 761 (1977).

7. The damages in the instant matter as recited in footnote 1, *supra*, of this Reply, show that Plaintiff's damages are separate and distinct from the liability issues underlying the jury's determination of retaliation against Plaintiff.

8.  Chief Judge Leahy, in a 1951 decision cited in the Hatfield decision, set forth the rationale for allowing a "damages only" retrial as follows:

> The theory behind this rule is a party who has already had his day in court as to a particular issue may not have another opportunity to relitigate the same issue unless a partial new trial will result in a miscarriage of justice.

Yates v. Dann, 11 F.R.D. 386, 392 (D.Del. 1951). Here, to relitigate the liability aspect of the trial would cause Plaintiff manifest injustice because Defendant has already been afforded an opportunity to presents its defenses on liability.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion for a New Trial limited to damages.

MARTIN & WILSON, P.A.

_/s/ Jeffrey K. Martin_
JEFFREY K. MARTIN, ESQ. (# 2407)
TIMOTHY J. WILSON, ESQ. (#4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED:   May 1, 2008

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM P. BABBY, III, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. 06-552 JJF |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF WILMINGTON | ) |
| DEPARTMENT OF POLICE, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, hereby certify that on May 1, 2008, I filed and served via electronic filing the foregoing Plaintiff's Reply to Defendant City of Wilmington Department of Police's Response to Plaintiff's Motion for New Trial to the following attorney of record:

Gary W. Lipkin, Esq.
Assistant City Solicitor
City of Wilmington
City/County Building
800 North French Street
Wilmington, DE 19801

Kathleen M. Jennings, Esq.
Chandra Joan Rudloff, Esq.
Oberly Jennings & Rhodunda, P.A.
1220 N. Market St., Ste. 710
P.O. Box 2054
Wilmington, DE 19899

MARTIN & WILSON, P.A.

_____
JEFFREY K. MARTIN, ESQ. (# 2407)
TIMOTHY J. WILSON, ESQ. (#4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED:    May 1, 2008

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 06-552 JJF |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF WILMINGTON DEPARTMENT OF POLICE, | ) ) ) | |
| Defendants. | ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for New Trial, the Defendant City of Wilmington Department of Police's Response to Plaintiff's Motion for New Trial and Plaintiff's Reply thereto, it is, this ____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motion for New Trial is hereby GRANTED.

_____
Joseph J. Farnan, Jr., J.