### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WILLIAM P. BABBY, III,** ) | |
| ) | C.A. NO. 06-552 JJF |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| **CITY OF WILMINGTON** ) | |
| **DEPARTMENT OF POLICE,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT CITY OF WILMINGTON DEPARTMENT OF POLICE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 59(b), Defendant City of Wilmington Department of Police ("Defendant" or "WPD"), by and through its undersigned attorneys, hereby submits its Reply to Plaintiff's Response to Defendant's Renewed Motion for Judgment as a Matter of Law and in support thereof, avers as follows:

1.  None of the facts cited in Plaintiff's Response (see Response, ¶ 2 (a) through (k)), either individually or collectively, establishes any causal connection between the denial of Plaintiff's transfer requests (or transfer to "E" Platoon) and Plaintiff's complaint against Sergeant Wells. (See e.g., Response, ¶ 2 "Sgt. Morrissey and Fiorvanti testified that Sgt. Wells appeared to have a close relationship with Chief Szczerba;" "Sgt. Wells was thereafter promoted to Lieutenant," etc.) Plaintiff's inability to point to any facts even remotely demonstrating a direct causal link is dispositive. For this reason, and the others cited at trial and in Defendant's initial Motion for Judgment as a Matter of Law, Defendant respectfully requests that judgment be entered in its favor.

2. One other point bears mentioning. In his Response, Plaintiff argues that the WPD's failure to renew its Motion for Judgment as a Matter of Law with respect to the issue of whether Plaintiff proved damages, somehow acts as an admission that Plaintiff did, in fact, prove damages. (See Response, ¶ 8) This argument has absolutely no merit.

3. At trial, the jury agreed with the WPD that Plaintiff was unable to prove compensatory damages, and accordingly, awarded nominal damages in the amount of $1.00 per the Court's instructions. The only reason the WPD did not renew its Motion for Judgment as a Matter of Law on the damages issue is because the WPD had already prevailed on this issue at trial. Plaintiff's argument notwithstanding, what possible reason would the WPD have to seek judicial relief on an issue it had already won? Indeed, one wonders what further relief the Court could even provide. In any event, suffice to say, the WPD is in agreement with the jury that the Plaintiff did not prove the existence of damages.

DATED: May 5, 2008                          **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendant City of Wilmington Department of Police

2

## CERTIFICATE OF SERVICE

I, Gary W. Lipkin, hereby certify that on May 5, 2008, I served the foregoing document on the following counsel of record via e-filing:

Jeffrey K. Martin, Esq.
Martin & Wilson
1508 Pennsylvania Ave.
Wilmington, DE 19806

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)