IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM P. BABBY, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-552-JJF |
| | : | |
| CITY OF WILMINGTON | : | |
| DEPARTMENT OF POLICE, | : | |
| | : | |
| Defendant. | : | |

Jeffrey K. Martin, Esquire and Timothy J. Wilson, Esquire of
MARTIN & WILSON, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Gary W. Lipkin, Esquire, Assistant City Solicitor, of the CITY OF
WILMINGTON LAW DEPARTMENT, Wilmington, Delaware.

Attorneys for Defendant.

Kathleen Jennings, Esquire of DRINKER BIDDLE, Wilmington,
Delaware.

Lead Trial Counsel for Defendant.

**MEMORANDUM OPINION**

March 31, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is a Motion For New Trial (D.I. 65) filed by Plaintiff, William P. Babby, III, and a Motion For Judgment As A Matter Of Law (D.I. 67) filed by Defendant, the City of Wilmington Department of Police (the "Wilmington Police Department"). For the reasons discussed, the Court will deny the Motions.

## I. Background

Plaintiff filed this action against the Wilmington Police Department alleging claims of retaliation (Counts I and II) and breach of the covenant of good faith and fair dealing (Count III) based upon the Wilmington Police Department's failure to promote and/or transfer Plaintiff after he lodged a complaint against Sergeant Wells for making racially insensitive remarks towards individuals of Mexican and Puerto Rican descent. The Court denied the Wilmington Police Department's Motion For Summary Judgment concluding that genuine issues of material fact existed that required a trial. A trial was subsequently held, and a jury found in favor of Plaintiff and against the Wilmington Police Department on Plaintiff's retaliation claim in the amount of $1.00.

Plaintiff has filed the instant Motion For New Trial limited to the issue of damages, and the Wilmington Police Department has filed a renewed Motion For Judgment As A Matter Of Law

1

contending, among other things, that no reasonable jury could have concluded that Plaintiff was retaliated against for his participation in filing a complaint against Sergeant Wells.

## II.   DISCUSSION

### A.   Defendant's Renewed Motion For Judgment As A Matter Of Law

By its Motion, Defendant raises three grounds for relief: (1) the evidence adduced at trial was insufficient to support a finding that any member of the Wilmington Police Department retaliated against Plaintiff for filing a complaint against Sergeant Wells; (2) the evidence adduced at trial was insufficient to establish a causal connection between Plaintiff's participation in the complaint against Sergeant Wells and his subsequent transfer to E Platoon, as well as the denials of his requests for transfer; and (3) any cause of action based on Plaintiff's transfer to E Platoon was time-barred.[1]

In response, Plaintiff contends that sufficient evidence was adduced at trial to support the jury's verdict. With respect to the Wilmington Police Department's arguments regarding the statute of limitations, Plaintiff contends that those arguments have been waived because they were not included in the Final

---

[1]      The Wilmington Police Department also sought judgment as a matter of law at the close of Plaintiff's case on the issue of damages contending that Plaintiff failed to prove the existence of damages. In light of the jury's $1.00 award, the Wilmington Police Department did not renew that portion of its Motion.

Pretrial Order. Plaintiff also contends that the Wilmington
Police Department's decision to forgo seeking judgment as a
matter of law on the issue of damages is a concession that
Plaintiff proved the existence of compensatory damages, and
Plaintiff uses this alleged concession to support its Motion For
A New Trial.

A.    Statute of Limitations Defense

Pursuant to Federal Rule of Civil Procedure 16(e), the
pretrial order "shall control the subsequent course of the action
unless modified by a subsequent order." Modifications to the
final pretrial order are only permitted to prevent manifest
injustice. Petree v. Victor Fluid Power, Inc., 831 F.2d 1191,
1194 (3d Cir. 1987) (noting that "[t]he finality of the pretrial
order contributes substantially to the orderly and efficient
trial of a case"). Legal theories and issues not raised in the
pretrial order are considered waived. Dean v. Brandywine
Studios, Inc., 2003 WL 299362, *1 (D. Del. Feb. 10, 2003)
("Having failed to raise the issue in the pretrial order and
having failed to address it at trial, defendants have waived any
right they might have had to assert a statute of limitations
defense."); Colli v. Wirth, 1996 WL 442835, at *1 (S.D.N.Y. Aug.
6, 1996) ("It is an established procedural principle that a
party's failure to include a legal theory or defense in the
pretrial order results in its subsequent abandonment or

waiver.").

In this case, the Wilmington Police Department failed to include its statute of limitations defense in the Final Pretrial Order. In addition, the Wilmington Police Department has not sought a modification of that Order, and in any event, has not disputed Plaintiff's contention that the grounds for modification have not been established. In these circumstances, the Court concludes that the Wilmington Police Department has waived arguments and theories not presented in the Final Pretrial Order, including its statute of limitations defense, and therefore, the Court will deny the Wilmington Police Department's Motion For Judgment As A Matter Of Law to the extent that it raises such waived arguments.

B. Sufficiency of the Evidence

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party must demonstrate that the jury's findings are not supported by sufficient evidence. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). In assessing the sufficiency of the evidence, the court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." Williamson v. Consolidated Rail

Corp., 926 F.2d 1344, 1348 (3d Cir.1991), reh'g en banc denied, 1991 U.S.App. LEXIS 16758 (3d Cir.1991). Judgment as a matter of law is granted sparingly, and is reserved for those situations in which "the record is critically deficient of the minimum quantum of evidence" in support of the verdict. Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1083 (3d Cir. 1995).

Based upon the submissions in this case, the Court concludes that the Wilmington Police Department has not satisfied its burden of establishing that insufficient evidence was adduced at trial to support the jury's verdict on Plaintiff's retaliation claim, including the jury's implicit finding regarding the causal nexus between Plaintiff's participation in the complaint against Sergeant Wells and the denial of Plaintiff's transfer requests. In these circumstances, the Court has no basis upon which to overturn the jury's verdict.[2] Accordingly, the Court will deny the Motion For Judgment As A Matter Of Law filed by the Wilmington Police Department.

B.  Plaintiff's Motion For A New Trial

By his Motion, Plaintiff contends that the Jury Verdict Form as completed by the jury at the conclusion of trial was incorrect

---

[2]   To the extent, the Wilmington Police Department wishes to renew its filing to include a greater discussion of the record evidence and the deficiencies therein, the Court will allow it. In allowing the opportunity for renewal, the Court notes that the Motion was filed without the benefit of having the proceedings transcribed, and briefing counsel was not present during portions of the trial.

as a matter of law. Specifically, Plaintiff contends that the jury found that Plaintiff had proven that he suffered damages for emotional pain, suffering, or mental anguish. Plaintiff contends that these are actual injuries and that the jury failed to comply with the Court's instructions by awarding Plaintiff nominal damages in the amount of $1.00 for his actual injuries. Plaintiff contends that the award of nominal damages cannot be reconciled with the jury's finding of actual injury, and therefore, a new trial limited to damages is required.

In response, the Wilmington Police Department contends that Plaintiff waived any objection to the form or language of the verdict sheet by failing to raise an objection at trial. Alternatively, the Wilmington Police Department contends that the jury's verdict is not inconsistent, because the only way the jury could reach the question regarding the amount of damages is by answering "yes" to the question of whether damages were shown in the first place. The Wilmington Police Department points out that a separate line was not included in the jury verdict form for nominal damages. In these circumstances, the Wilmington Police Department contends that the verdict form actually favored Plaintiff, because it made it more difficult for the jury to award nominal damages.

Under Federal Rule of Civil Procedure Rule 59(a), a court may grant a new trial "for any of the reasons which new trials

6

have heretofore been granted." Fed. R. Civ. P. 59(a). These reasons include, but are not limited to, inconsistent jury verdicts, a need to prevent injustice, or a need to correct a verdict that is against the weight of the evidence. The decision whether to grant a new trial is within the sound discretion of the trial court. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

In the case of an allegedly inconsistent jury verdict, the Court has a duty to attempt to reconcile the verdict. McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 764 (3d Cir. 1990). A new trial should not be granted based upon an inconsistent verdict, unless no rational jury could have returned the verdict. See Greenleaf v. Garlock, Inc. 174 F.3d 352, 367 (3d Cir. 1999).

In this case, the Court instructed the jury as to both compensatory and nominal damages. With respect to nominal damages, the Court instructed the jury as follows:

> If you return a verdict for Cpl. Babby, but Cpl. Babby has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.
>
> A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.
>
> However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

(D.I. 59 at 20).

The Court's instruction is consistent with the standard for awarding nominal damages in this Circuit. <u>Alexander v. Riga</u>, 208 F.3d 419 (3d Cir. 2000) (acknowledging that nominal damages are to be awarded to recognize the violation of a constitutional right even where actual injury has not been proven). Plaintiff's argument is that the jury's answer to Question No. 2 on the verdict form is necessarily a finding that Plaintiff established actual injury.

The relevant portion of the Jury Verdict Form reads:

2.    Do you find that Plaintiff, William P. Babby, III, has proven by a preponderance of the evidence damages for emotion, pain, suffering, or mental anguish?

ANSWER:  Yes_____      No_____

If you have answered YES, please answer Question 3.  If you have answered NO, please go to Question 4.

3.    If you answered YES to Question 2, what amount of damages do you award?

ANSWER:  _____

(D.I. 63).  However, Question No. 2 does not expressly characterize whether the damages proven are compensatory in nature or nominal in nature.  Question No. 2 does not use the words or phrase "actual injury" or "actual damages."  In these circumstances, the Court concludes that a reasonable interpretation of the jury's affirmative response to Question No. 2 is that the jury believed they were giving "recognition of the

8

violation," even though Plaintiff suffered no <u>actual</u> injury other than what might be said to be emotional in nature, as evidenced by their verdict in the amount of $1.00. The Court agrees with the Wilmington Police Department that the verdict form actually favored Plaintiff, making it more difficult for the jury to award nominal damages, yet this is what the jury determined was warranted by the evidence, or lack thereof.

Plaintiff does not cite to any record evidence to suggest that the amount of the jury's award was unsupportable in light of the facts adduced at trial. To the extent Plaintiff's argument is premised on the wording of the jury instructions, the Court concludes that any such argument has been waived by Plaintiff's failure to lodge a timely objection at trial. <u>Neely v. Club Med Management</u>, 63 F.3d 166, 200 (3d Cir. 1995). In addition, the Court does not construe the Wilmington Police Department's argument in its Motion For Judgment As A Matter Of Law to be a concession that actual damages were proven in this case. Accordingly, the Court concludes that Plaintiff has not carried his burden of establishing that a new trial on damages is warranted, and therefore, the Court will deny Plaintiff's Motion For A New Trial.[3]

---

[3]     As with the Wilmington Police Department's Motion For Judgment As A Matter Of Law, the Court will permit Plaintiff the opportunity to renew this Motion with additional submissions specifically pointing to the record evidence supporting its argument, should Plaintiff so choose.

## III. CONCLUSION

For the reasons discussed, the Court will deny Plaintiff's Motion For A New Trial and deny Defendant's Renewed Motion For Judgment As A Matter Of Law.

An appropriate Order will be entered.